UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LEFLORIS LYON**                                                                 **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO.: 3:13-cv-913-CWR-MTP**

**WISE CARTER CHILD & CARAWAY PA;**
**CHARLES H. RUSSELL and GEORGE H. RITTER**                   **DEFENDANTS**

**ORDER**

Before the Court is the Motion to Stay Final Judgment and Permanent Injunctive Relief Pending Appeal [Docket No. 494] filed by Lefloris Lyon. Because Lyon has failed to provide a sufficient basis for this relief, the Court finds that the motion is not well-taken and must be DENIED.

The merits of a motion like the one that Lyon has reflexively filed must be channeled through a four-part test. In determining whether a stay pending appeal is appropriate, a district court is required to consider the following:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 426 (2009) (quotation marks and citation omitted). *See also Nat'l Treasury Emps. Union v. Von Raab*, 808 F.2d 1057, 1059 (5th Cir. 1987). "A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken*, 556 U.S. at 427 (quotation marks and citations omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id*. at 433-34.

Although Lyon has provided lip service to some of the factors above, he has proved nothing and has not demonstrated that he is entitled to such an extraordinary remedy. *See Brotherhood of Ry. and S.S. Clerks, Freight Handlers, Exp. and Station Emps. v. Nat'l Mediation Bd.*, 374 F.2d 269, 275 (D.C. Cir. 1966). Certainly, the third and fourth factors weigh against a stay. Turning to the third factor, Lyon continues to hold documents which belong to the Wise Carter defendants. *See* Docket No. 493. It is Wise Carter which continues to be *substantially* harmed by Lyon's refusal to divest himself of the documents—whether they are being held in paper or electronic form—and Wise Carter would be harmed even more if the judgment is stayed. With respect to factor four, Lyon continues to be in violation of this Court's previous orders, and so staying the matter would not be in the public interest. Clearly violating specific orders of a court in no way promotes the public interest. Accordingly, the Final Judgment entered by this Court should not be stayed one minute.

Lyon has either failed to make necessary arguments in support of a stay pending appeal or failed to support his arguments with any authority beyond his own say-so. That is not enough to satisfy his burden. As a result, the motion to stay is **DENIED**.

SO ORDERED, ADJUDGED AND DECREED, this the 28th day of July, 2014.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE